IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) ) | CV 11-101-M-DWM |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| STEVE WAYNE CAMP, | ) ) | |
| Defendant. | ) ) ) | |

## I. Introduction

Defendant Steve Camp, appearing pro se, moves the Court to dismiss

American National Property and Casualty Company's complaint under Rule

12(b)(6) of the Federal Rules of Civil Procedure. (Dkt # 20). In its complaint,

American National alleges that Camp violated a covenant not to compete after

American National terminated his employment. (Dkt # 1). Camp, in his motion to

dismiss, argues the covenant is not enforceable under Montana law. Camp

misconstrues Montana law, though, and the Court denies his motion to dismiss.

## II. Background

American National hired Camp in 2007 to sell its insurance products in the Missoula area.  Complaint, 2.  Camp was hired through an Agent Agreement, which contains a covenant not to compete.  Id. at 3–4; Ex. A, 6.  Specifically, the covenant provides that, if terminated, Camp "will not directly, or indirectly through any partner, Agent, employee, or firm on the Agent's behalf, solicit or accept any property or casualty insurance from any policyholder of the Company whose business they wrote, solicited, serviced, or sold while a representative of the Company."  Ex. A, 6.  The covenant is limited in both time and geography—it applies for only one year and within a 25-mile radius of Missoula.  Id. at 3; Ex. A, 6–7.

American National terminated Camp on March 4, 2011, by written notice. Id. at 3; Ex. B.  American National alleges that, since his termination, Camp has violated the covenant not to compete by soliciting, servicing, and selling insurance to former American National customers within a 25-mile radius of Missoula.  Id. 5.

American National filed its complaint on July 15, 2011, raising several claims, including breach of contract, negligence, negligent misrepresentation, fraud, conversion, and negligent and intentional interference with prospective

2

economic advantage.  See generally id.  Camp filed his motion to dismiss on August 9, 2011.

## III.  Analysis

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure if, accepting all well-pleaded facts as true, the operative pleading fails to state a plausible claim upon which relief may be granted.  Hebbe v. Pliler, 627 F.3d 338, 341–42 (9th Cir. 2010).  In ruling on a motion to dismiss, the Court may consider not only the complaint but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see also Lee v. City of L.A., 250 F.3d 668 (9th Cir. 2001).  The Court is not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation and internal quotation marks omitted).

Camp's motion to dismiss presents only one issue—whether the covenant not to compete is enforceable under Montana law.  Camp concedes that the covenant not to compete is reasonable.  He argues, though, that it is unenforceable

because it meets neither of the two exceptions to the Montana statute that generally bars contractual restraint on trade.  See Mont. Code Ann. § 28–2–703.

The Montana Supreme Court has repeatedly observed that "[c]ontracts in restraint of trade are disfavored."  See, e.g., Access Organics v. Hernandez, 175 P.3d 899, 902 (Mont. 2008).  And Montana Code Annotated section 28–2–703 provides: "Any contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided for by 28–2–704 or 28–2–705, is to that extent void."  The two exceptions to this general prohibition involve circumstances where the goodwill of a business is being sold (section 28–2–704) or a partnership is being dissolved (section 28–2–705).  Neither of those circumstances apply here.

But, even when the two exceptions do not apply, section 28–2–703 is not an absolute prohibition against covenants not to compete.  H & R Block Tax Servs. v. Kutzman, 681 F. Supp. 2d 1248, 1251 (D. Mont. 2010); Access Organics, 175 P.3d at 902.  Montana courts enforce covenants not to compete—without regard to the two exceptions—if they are "reasonable restrictions on trade."  H & R Block, 681 F. Supp. 2d at 1251; Access Organics, 175 P.3d at 902.  Montana courts will enforce and uphold a covenant not to compete if it meets three requirements:

1.  it must be partial or restricted in its operation in respect either

to time or place;

2.      it must be on some good consideration; and

3.      it must be reasonable, that is, it should afford only a fair
        protection to the interests of the party in whose favor it is
        made, and must not be so large in its operation as to interfere
        with the interests of the public.

Access Organics, 175 P.3d at 902 (quoting Mont. Mountain Prods. v. Curl, 112

P.3d 979, 981 (Mont. 2005)).

In both Access Organics and H & R Block, the Montana Supreme Court and

this Court, respectively, analyzed the enforceability of covenants not to compete

without looking to the two exceptions at sections 28–2–704 and 28–2–705.  In

Access Organics, the Supreme Court determined that a covenant not to compete

between an employer and employee was unenforceable under the second

reasonableness prong for lack of consideration.  175 P.3d at 903–05.  And, in H &

R Block, this Court concluded that a covenant not to compete was enforceable,

without applying either of the two exceptions.  681 F. Supp. 2d at 1251–52; see

also Mungas v. Great Falls Clinic, LLP, 221 P.3d 1230, 1237–38 (Mont. 2009).  In

short, a covenant not to compete is enforceable if, and only if, it is reasonable

under the three-part test above.

The covenant not to compete here is enforceable under Montana law

because, as Camp concedes, its terms are reasonable.  Camp concedes the covenant meets the first two prongs of the three-part test.  And, while he does not address the third prong—i.e., whether the covenant "afford[s] only a fair protection to the interests of the party in whose favor it is made"—that prong is met here.  By comparison, in H & R Block, this Court upheld a covenant that barred a franchisee from competing within a 45 mile radius for one year.  The Court concluded the covenant gave H & R Block fair protection of its interests because, like here, the defendant was provided with training, a trade name, publicity, and office support.  See H & R Block, 681 F. Supp. 2d 1251; Complaint, 4.  The terms here are less onerous than those in H & R Block, and the covenant is therefore reasonable under Montana law.  Since the covenant not to compete is reasonable under Montana law, it is enforceable under Montana law.

Accordingly, IT IS HEREBY ORDERED that Defendant Steve Camp's motion to dismiss is DENIED.

Dated this 12th day of September, 2011.


DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

6