

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE WAYNE CAMP,<br><br>Defendant. | CV 11–101–M–DWM<br><br>ORDER |

In an order dated February 26, 2014, the Court requested the parties file simultaneous briefs as to whether summary judgment should be granted in favor of Plaintiff American National Property and Casualty Company ("American National") and against Defendant Steve Wayne Camp ("Camp") on Camp's counter-claims pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. (Doc. 133.) Only American National submitted a brief. After considering the merits of the both parties' positions, *cf. Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013), the Court finds summary judgment is appropriate.

## BACKGROUND

Pursuant to an Agent Agreement ("Agreement") dated January 4, 2007, Camp became a licensed agent to sell American National insurance products.

1

Under the Agreement, Camp was authorized to solicit applications for insurance, collect premiums, countersign, and deliver policies within the 25 mile radius of Missoula, Montana. Camp was terminated from his agency with American National on March 4, 2011. The Agreement provided two post-termination provisions: (1) Camp was prohibited from soliciting and accepting his former American National policyholders and (2) Camp was prohibited from advising, inducing, or attempting to induce his former American National policyholders from lapsing, cancelling, or replacing any of their American National policies. These have been referred to in this case as the "Non-Compete Provisions." The Non-Compete Provisions were in effect for 1 year from the date of Camp's termination. After Camp was terminated, American National brought this matter before the Court, alleging Camp violated the Non-Compete Provisions. Camp brought numerous counter-claims, which were bifurcated.

American National's claims were tried on November 28 and 29, 2011 before a jury of 6. Prior to the close of evidence, this Court determined as a matter of law that the Non-Compete Provisions were reasonable. The jury returned a verdict in American National's favor, determining that Camp's termination was legitimate and Camp violated the Non-Compete Provisions. Post-trial, American National moved this Court for issuance of a permanent injunction prohibiting Camp from

further violation of the Non-Compete Provisions. This Court granted that motion and issued an order that Camp was not to violate the Non-Compete Provisions for the remaining one year period. Camp appealed the issuance of the permanent injunction to the Ninth Circuit Court of Appeals, which affirmed to the extent the matter was not moot.

Camp's counterclaims remain before the Court, which include:

(1) Breach of Contract (Termination);
(2) Breach of Contract (Kalispell Policyholders);
(3) Intentional Interference with Economic Advantage (Statements to Customers);
(4) Intentional Interference with Economic Advantage (Rejected Policyholders, Family Members)
(5) Intentional Interference with Economic Advantage (Enforcement of Non-Compete Provision); and
(6) Negligent Interference with Economic Advantage.

(Doc. 34.)

## LEGAL STANDARD

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (noting a district court's right to enter *sua sponte* motions under Rule 56). In doing so, the Court applies the usual summary

3

judgment standards, resolving all ambiguities and drawing all factual inference in the target party's favor. *See generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict in favor of the party against which summary judgment is contemplated. *See e.g. id.* at 248.

## ANALYSIS

### I. Breach of Contract (Termination)

Camp first alleges breach of contract in connection with American National's termination of his agency. Camp alleges American National terminated him "in retaliation for his threatening to report, and reporting, American National's illegal conduct to the appropriate authorities." (Doc. 34 at ¶ 11.) As the jury determined that American National's termination of Camp was legitimate, this material fact may not be genuinely in dispute. Therefore, summary judgment is appropriate as to Camp's claim for breach of contract for wrongful termination.

### II. Breach of Contract (Kalispell Policyholders)

For his second cause of action, Camp alleges American National breached a subsequent agreement it made with him regarding the servicing of existing policyholders in the Kalispell, Montana area. Although American National and Camp dispute who breached the Kalispell contract, this dispute is insufficient to

4

raise a genuine issue for trial. Even assuming Camp's allegations are true, it is undisputed that the Kalispell accounts belonged to American National. (Agreement, § D, Doc. 1-1 at 3.) The Agreement provides that American National may transfer these account from one agent to another. Therefore, American National actions, as alleged, complied with Camp's agency Agreement with the company. Even assuming the Kalispell contract was meant to modify the terms of the Agreement, the modification is not enforceable as a matter of law. The Agreement itself required any modification be in writing and signed by a duly authorized Company Headquarters Representative. (*Id.* at § H(1), Doc. 1-1 at 4.) The evidence before the Court indicates that the Kalispell contract was never reduced to writing or signed. Although Montana law allows for oral modification of a written agreement, the oral contract must be fully executed to be enforceable. Mont. Code Ann. § 28-2-1602; *AAA Const. of Missoula, LLC v. Choice Land Corp.*, 264 P.3d 709, 714 (Mont. 2011). The Kalispell contract was not fully executed by either party. Based on the foregoing, summary judgment is appropriate as to this counterclaim.

### III. Intentional Interference with Economic Advantage (Statements to Customers)

Camp alleges that American National "intentionally and maliciously

misinformed [his former American National customers] about why Camp was no longer their [] agent, and whether he would ever be able to sell them insurance" and American National "lied to customers in an attempt to scare them away from ever doing business with Camp." (Doc. 34 at ¶¶ 20-21.) Camp contends American National agent John Greener told Camp's former American National customers that American National terminated Camp for ethics issues and fraud issues, interfering with his prospective economic advantage. (Camp Depo., Doc. 134-2 at 4, 150:19-25 - 151:1-9.)

The elements for a claim of interference with prospective economic advantage in Montana include acts that:

> (1) are intentional and willful;
> (2) are calculated to cause damages to the plaintiff's business;
> (3) are done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor; and
> (4) result in actual damages or loss.

*Maloney v. Home & Investment Ctr., Inc.*, 994 P.2d 1124, 1132 (Mont. 2000). Even construing the facts presented in Camp's favor, no evidence has been presented to indicate that American Union's alleged actions resulted in actual damages or loss. In the absence of such a showing, summary judgment is appropriate.

**IV. Intentional Interference with Economic Advantage (Rejected**

**Policyholders, Family Members)**

Camp alleges that American National "has no legitimate business interest to protect customers it has rejected . . . . In addition, [American National] explicitly waived the application of the non-compete provision with respect to members of Camp's family, his co-workers, the families of his co-workers, and his personal friends." (Doc. 34 at ¶ 25.) These issues were all raised at trial and determined by the jury, particularly in the damages phase of their determination. Camp was allowed a jury instruction on waiver. Therefore, summary judgment is appropriate as to this claim.

## V. Intentional Interference with Economic Advantage (Enforcement of Non-Compete Provisions)

Camp alleges American National intentionally interfered with Camp's economic advantage by enforcing the Non-Compete Provisions. The Court, together with the jury, determined that the Non-Compete Provisions were valid and enforceable. Therefore, no genuine issues of material fact remain and summary judgment is proper as to this counterclaim.

## VI. Negligent Interference with Economic Advantage

Finally, Camp alleges American National negligently interfered with Camp's economic advantage. Under this cause of action, Camp merely restates

the allegations made under Counts I-V. Insofar as Count VI alleges an independent cause of action, no evidence of the essential elements of negligence has been presented. *See Fisher v. Swift Transp. Co., Inc.*, 181 P.3d 601, 606 (Mont. 2008) ("To maintain an action for negligence, the plaintiff must prove four essential elements: duty, breach, causation, and damages. Without duty, and a breach of that duty, no negligence can exist." (citation omitted)).

## CONCLUSION

Finding that summary judgment is proper as to all of Camps' counterclaims, IT IS ORDERED that Camp's counterclaims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS FURTHER ORDERED that the Clerk of Court will notify the parties of entry of this order and judgment.

Dated this 24th day of March, 2014.

Donald W. Molloy, District Judge
United States District Court